LEONARD HEIMERDINGER and Another, Copartners, Doing Business under the Firm Name of LEONARD HEIMERDINGER & Co., Appellants, *v.* PAUL C. SCHNITZLER, Respondent.

Supreme Court, Appellate Term, First Department, May 22, 1930.

*Edwin A. Falk*, for the appellants.

*Schnitzler, Thorn & Dayton* [*Philip F. Farley* of counsel], for the respondent.

PER CURIAM. The meaning of the phrase " seller's 60 days " was established without contradiction. The holding to the contrary was, therefore, without any evidence to support it.

Judgment reversed, with thirty dollars costs, and judgment directed for plaintiff as prayed for, with interest and costs.

BIJUR and PETERS, JJ., concur; CALLAHAN, J., dissents.

CALLAHAN, J. (dissenting). I dissent. The term " seller's· 60 days " in connection with a sale of bonds was defined by the witnesses below to mean that the seller may deliver at any time within sixty days from date of contract on giving one day's notice of his intention to do so. In case of non-delivery up to the sixtieth day·the contract becomes a failure to deliver and remains an open or cash transaction. The buyer then has the right to demand delivery at any time and to buy in the open market if such demand is not complied with within twenty-four hours, charging the seller with any difference between the contract and purchase price. Up to the time the buyer makes such demand and purchases in the open market, the seller has the continuing right to deliver

under the contract and demand payment of the agreed price forthwith. This definition, it appears to me, must be limited by law to require a demand for performance by either party within a reasonable time after the sixtieth day, as when no time is fixed for performance by the contract the law implies a reasonable time.

Therefore, assuming the definition contended for by plaintiff is upheld for the reason that it was not contradicted, there remained, nevertheless, a question of fact as to whether the delivery tendered 168 days after date of contract was within a reasonable time.

The court below had the right to find that such delivery was not timely, and although the remarks of the trial justice at the close of the trial indicate that he placed his decision on other grounds, the result arrived at being correct, the judgment should be affirmed.